The document below is hereby signed.

Signed: August 11, 2020



*S. Martin Teel, Jr.*
*United States Bankruptcy Judge*

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| In re | ) | |
| | ) | |
| LUCY IMELDA ADAMS, | ) | Case No. 19-00458 |
| | ) | (Chapter 13) |
| Debtor. | ) | Not for publication in |
| | ) | West's Bankruptcy Reporter. |

MEMORANDUM DECISION AND ORDER DISPOSING OF THE DEBTOR'S
OBJECTION (DKT. NO. 84) TO RUSHMORE'S SECOND NOTICE (DKT.
NO. 75) OF POST PETITION MORTGAGE FEES, EXPENSES AND CHARGES

On June 4, 2020, the debtor filed an *Objection to Notice of Post Petition Mortgage Fees, Expenses and Charges* (Dkt. No. 84), in which she objects to a second *Notice of Post Petition Mortgage Fees, Expenses and Charges* (Dkt. No. 75) filed by Rushmore Loan Management Services, LLC as Servicer for U.S. Bank Trust National Association as Trustee of Lodge Series IV Trust ("Rushmore"). The *Notice* was filed under Fed. R. Bankr. P. 3002.1(c) and pursuant to Fed. R. Bankr. P. 3002.1(d) was "filed as a supplement to [Rushmore's] proof of claim." This second *Notice* asserts additional charges of $1,140.00, incurred postpetition. I treat the *Objection* as a motion under Fed. R. Bankr. P. 3002.1(e) to have the court "determine whether payment of any

claimed fee, expense, or charge is required by the underlying agreement and applicable nonbankruptcy law to cure a default or maintain payments in accordance with § 1322(b)(5) of the Code."

I

SERVICE OF THE OBJECTION

Rushmore has failed timely to respond to the *Objection*. The debtor served the *Objection* on the attorney who filed this second *Notice* as Rushmore's attorney and who has been representing Rushmore in the case regarding an objection to its proof of claim (which was supplemented by this second *Notice*) and regarding an objection to Rushmore's first such *Notice*.

For purposes of Fed. R. Bankr. P. 7004(b)(3) or 7004(b)(8), an agent authorized by appointment to receive service of process can include an agent impliedly authorized to accept service of process on a client's behalf if the agent is the attorney representing the party in the bankruptcy case, and the totality of the surrounding circumstances demonstrates the intent of the client to convey such authority. *Rubin v. Pringle (In re Focus Media Inc.)*, 387 F.3d 1077, 1083 (9th Cir. 2004); *Ms. Interpret v. Rawe Druck-und-Veredlungs-GmbH (In re Ms. Interpret)*, 222 B.R. 409, 416 (Bankr. S.D.N.Y. 1998). There was proper service of the *Objection* here. The attorney's authority to receive service of the *Objection* is implied by his acting as Rushmore's agent in filing the second *Notice*, the very document that is the subject

of the *Objection*, and his involvement in the case in defending against objections to Rushmore's proof of claim and the first such *Notice*. Accordingly, there was proper service of the *Objection*.

## II

## THE GROUNDS ASSERTED BY THE OBJECTION

The *Objection* asserts that the charges are related to the transfer of the claim to Rushmore, and that the debtor ought not be charged for charges incurred in a transfer being made. The *Notice* includes these charges related to the transfer:

- On April 24, 2020, a fee of $25 was paid for filing the transfer of the claim to Rushmore.
- Another charge of April 24, 2020, is $100 for "Assignment of Claim."

I agree that these are fees that the debtor is not responsible to pay. These fees were incurred by reason of the transfer of the claim, a transaction for which the debtor ought not bear the costs incurred.

The *Objection* otherwise merely contends: "To now require the Debtor to be responsible for fees solely authorized and controlled by the Creditor is egregious." However, that does not state a valid basis for disallowing the remaining fees claimed by the *Notice*. The remaining fees are:

- $215 for a response on March 23, 2020, to the debtor's

> objection to the transfer of claim (an objection that this court overruled).

- $300 for plan review on April 22, 2020.
- $500 for objection to plan on May 6, 2020.

These fees were not incurred by reason of the transfer of the claim. The *Deed of Trust* appended to Rushmore's proof of claim makes clear that Rushmore is entitled to recover its attorney's fees in protecting its interests as the note holder in the bankruptcy case. Paragraph 9 of the *Deed of Trust* provides:

> If . . . there is a legal proceeding that might significantly affect Lender's interest in the Property and/or rights under this Security Instrument (such as a proceeding in bankruptcy . . .) . . . then Lender may do and pay for whatever is reasonable or appropriate to protect Lender's interest in the Property and rights under this Security Instrument . . . .

Paragraph 9 further provides that steps to protect the creditor's rights under the *Deed of Trust* include "paying reasonable attorneys' fees to protect its interest in the Property and/or rights under this Security Instrument, including its secured position in a bankruptcy proceeding." Paragraph 9 then states:

> Any amounts disbursed by Lender under this Section 9 shall become additional debt of Borrower secured by this Security lnstrument. These amounts shall bear interest at the Note rate from the date of disbursement and shall be payable, with such interest, upon notice from Lender to Borrower requesting payment.

Paragraph 14 of the *Deed of Trust* provides that "Lender may charge Borrower fees for services performed in connection with Borrower's default, for the purpose of protecting Lender's

4

interest in the Property and rights under this Security Instrument, including, but not limited to, attorneys' fees, property inspection and valuation fees." The remaining fees are recoverable under the above-quoted provisions.

Without a transfer there would have been no objection to the transfer, but the objection was without merit, and Rushmore ought to be reimbursed in defending its status as the entity having rights under the *Deed of Trust*. Similarly, Rushmore is entitled to be reimbursed for attorneys' fees in addressing the debtor's proposed Chapter 13 plan.

### III

### CONCLUSION

For all of these reasons, it is

ORDERED that the debtor's *Objection* (Dkt. No. 84), treated as a motion under Fed. R. Bankr. P. 3002.1(e) is granted in part and denied in part as follows:

> (1) the debtor is *not* responsible for paying Rushmore the fee of $25 it paid for filing the transfer of the claim to Rushmore and the $100 charge for "Assignment of Claim," and the *Objection* is granted in that regard, but

> (2) the debtor *is* responsible for paying Rushmore the $1,015 in other fees asserted on the *Notice of Post Petition Mortgage Fees, Expenses and Charges* (Dkt. No. 75) (in other words, payment of the claimed fees of $1,015 is required by

5

the underlying agreement and applicable nonbankruptcy law to cure a default or maintain payments in accordance with § 1322(b)(5) of the Code) and the *Objection* is denied in that regard, but without prejudice to the debtor's filing a further timely Rule 3002.1(e) motion if, beyond the objections her instant *Objection* raised, she has valid grounds for contesting these fees.

[Signed and dated above.]

Copies to: Debtor; Recipients of e-notification of filings.

Rushmore Loan Management Services
P.O. Box 55004
Irvine, CA 92619-2708